Filed 7/31/13  P. v. Grijalva CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDWARD JOSEPH GRIJALVA,<br><br>    Defendant and Appellant. | B244727<br><br>(Los Angeles County<br>Super. Ct. No. KA099060) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Camacho, Judge.  Dismissed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Appellant Edward Joseph Grijalva appeals his robbery conviction, which was entered after a plea of no contest.

According to testimony from the preliminary hearing, appellant entered a 99 Cents Only Store, grabbed a 12-pack of beer, put his jacket over the beer, and walked out of the store. When store security tried to stop him, appellant pushed one of the employees in the chest, put the beer down, punched a second employee in the chin, and ran away.

Appellant was charged with one count of second degree robbery in violation of Penal Code[1] section 211, and one count of misdemeanor simple battery in violation of sections 242/243, subdivision (a). It was alleged that appellant previously had been convicted of a serious or violent felony (§ 245, subd. (a)(1)) within the meaning of the "Three Strikes" law (667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had a prior conviction as described in section 667.5, subdivision (c). At arraignment, the court noted that appellant had a companion misdemeanor driving under the influence case, and two probation violation matters.

Appellant waived his constitutional rights to a trial and pled no contest to robbery and driving under the influence. The battery charge and the special allegations were dismissed. The trial court imposed the agreed-upon sentence of two years in state prison for robbery, and one year, concurrent, for driving under the influence.

Appellant filed a timely notice of appeal and a request for a certificate of probable cause. In the latter, appellant stated: "I believe my constitutional rights were violated during the proceedings of this court case. I pleaded no contest because I was in fear after being told I would get 10-15 years in jail. I didn't commit a robbery. I shoplifted, and there was a 10 second struggle as I tried to run away after I was caught. I['m] still not clear on what I was charged for entirely. I was given no court paperwork before or after court. I'm afraid I may have been coerced into another strike and I don't wanna believe I could get 25 years to life for stealing a slice of pizza, what my lawyer told me. I suffer

---

[1]    Further statutory references are to the Penal Code.

from a mental disability." The trial court denied the request for a certificate of probable cause.

After examination of the record, appellant's counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, and requested that this court conduct an independent review of the entire appellate record to determine whether any arguable issues exist. On April 3, 2013, we advised appellant that he had 30 days in which to personally submit any contentions or issues which he wished us to consider. No response has been received to date.

Because the trial court denied appellant's request for a certificate of probable cause, and his appeal is not based upon grounds occurring after entry of the plea or upon a ruling as to the legality of a search or seizure, the judgment of conviction is not appealable. (§ 1237.5; Cal. Rules of Court, rule 31(d).) Consequently, we must order dismissal. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1099 [When a defendant has failed to comply with the requirements of § 1237.5 and rule 31(d), the Court of Appeal "generally may not proceed to the merits of the appeal, but must order dismissal."].)

DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


KUMAR, J.[*]


We concur:


TURNER, P. J.


KRIEGLER, J.


_____

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.